IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY ALAN OLSON,     )
    Petitioner,     )
                            )
    v.     )        3:18-cv-56
                            )
MICHAEL D. OVERMYER,     )
    Respondent.     )

Memorandum and Order

      Michael D. Overmyer has presented a petition for a writ of habeas corpus. In that petition he seeks to challenge his conviction upon a plea of guilty to charges of driving under the influence and refusal to submit to a blood test and the subsequent imposition of a one and a half to five-year sentence on December 21, 2015 by the Court of Common Pleas of Somerset County at No. CP-56-CR-544-2015.[1] A direct appeal was not filed.

      On August 17, 2016 Olson filed a post-conviction petition seeking to challenge his conviction contending it was secured in violation of Birchfield v. North Dakota, 136 S.Ct. 2160, 2185 (2016) ("a breath but not a blood test, may be administered as a search incident to a lawful arrest for drunk driving"). Relief was denied by the Court of Common Pleas on December 22, 2016 and the denial of relief was affirmed by the Superior Court on February 14, 2018.[2] However, allowance of appeal was granted by the Pennsylvania Supreme Court on August 7, 2018. The issues before the latter court are whether Birchfield applies retroactively where the petitioner challenges the legality of his sentence through a timely petition for post-conviction relief and whether Birchfield renders enhanced criminal penalties for a blood test refusal illegal?[3] Thus, the petitioner is presently in the process of raising the same issues in the Pennsylvania Supreme Court that he seeks to raise here.

      It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears

---

[1] See: Petition at ¶¶ 1-6. Although filed at the time petitioner was in custody, he has apparently been released from confinement.
[2] Vol. 2 of the reproduced record at pp. 87-96.
[3] See: 28 WAP 2018 available on https://ujsportal.pacourts.us

that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

Due to the pendency of the Supreme Court appeal, his petition here is premature.

Accordingly, IT IS ORDERED this 21st day of November 2018 that within fourteen (14) days the petitioner show cause, if any, why the present case should not be administratively closed pending a resolution of his appeal, and the subsequent reopening of this case if the petitioner so moves.

s/ Robert C. Mitchell
United States Magistrate Judge