IN THE UNITED STATES DISTRICT COURT
for
THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY ALAN OLSON,)
    Petitioner,)
)
    v.) 2:18-cv-373
)
MICHAEL D. OVERMYER, et al.,)
    Respondents.)


JEFFREY ALAN OLSON,)
    Petitioner,)
)
    v.) 3:18-56
)
MICHAEL D. OVERMYER, et al.,)
    Respondents.)


MEMORANDUM and ORDER

      At 2:18-cv-373, Jeffrey Alan Olson presented a petition for a writ of habeas corpus (ECF No.1). For the reasons set forth below, the petition will be administratively closed pending further action by the Pennsylvania Supreme Court on his Somerset conviction[1], and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

      At the time the petition was filed, Olson was incarcerated at the State Correctional Institution-Forrest serving a one to five-year sentence imposed on June 18, 2013 following his conviction upon a plea of guilty to charges of driving under the influence and driving under a suspended license.[2] No appeal was pursued.[3]

---

[1] Infra.
[2] He has since been released on parole.
[3] See: Petition at ¶¶ 1-9.

On July 15, 2016 Olson was found guilty of a parole violation and ordered to serve the balance of his sentence.

On September 9, 2016, he filed a post-conviction petition.[4] On November 16, 2017, the petition was dismissed. In that dismissal, the Court noted that the basis for the petition was a claim that the decision of the United States Supreme Court in **Birchfield v. North Dakota**, 136 S.Ct. 2160, 2184 (2016) ("the search incident to arrest doctrine does not justify the warrantless taking of a blood sample") should be applied retroactively to him. On November 16, 2017, the court determined that his post-conviction petition was untimely and as a result relief was denied.[5] No appeal from this dismissal was pursued.[6]

At 3:18-56, Olson filed another habeas corpus petition (ECF No.1) seeking to challenge his conviction of DUI and refusal to submit to a blood test. Upon his plea of guilty, on December 21, 2015 he was sentenced at No. CP-56-CR-544-2015 in the Court of Common Pleas of Somerset Court to a one and a half to five-year term of incarceration. No appeal was pursued but on December 22, 2016 he filed a post-conviction petition seeking to challenge his sentence for refusal to submit to a blood test in violation of **Birchfield.** That petition was denied and an appeal was taken to the Superior Court in which this issue was raised. On February 14, 2018, the denial of post-conviction relief was affirmed.[7] On August 7, 2018, the Pennsylvania Supreme Court granted allowance of appeal on the issues:

> a. Does *Birchfield v. North Dakota*, U.S. , 136 S.Ct. 2160, apply retroactively where the petitioner challenges the legality of his sentence through a timely petition for post-conviction relief?
>
> b. Does *Birchfield v. North Dakota*, render enhanced criminal penalties for blood test refusal under 75 Pa.C.S. §§ 3803-3804 illegal?[8]

In both his habeas cases, Olson is challenging his sentence enhancement for refusal to submit to a blood test without a warrant. This is the question presently pending in his Somerset County appeal which is presently pending before the Supreme Court of Pennsylvania on the

---

[4] See: Answer at pp. 115-119.
[5] Id. at pp. 149-152.
[6] See: Answer at ¶ 43. We recognize that in the Westmoreland case, the Superior Court dismissed the appeal as untimely.
[7] See: Petition ¶¶ 1-9.
[8] 190 A.3d 1131 (Table).

same issue. For this reason, he has not exhausted his state court remedies and it is conceivable that the decision of that Court will render as moot any further proceedings here.

In his Westmoreland challenge, the Superior Court has determined that his appeal from the denial of relief was untimely, but yet any further proceedings here might likewise be rendered moot by the decision of the Pennsylvania Supreme Court.

For these reasons, both petitions will be administratively closed until such time as the Pennsylvania Supreme Court renders its decision of the issues raised here, and within thirty (30) days thereafter, if the petitioner concludes that further review of his federal petitions is required he can move to open either or both of the cases in this Court.

An appropriate Order will be entered.

ORDER

AND NOW, this 6th day of December, 2018, for the reasons set forth in the foregoing Memorandum,

IT IS ORDERED that both above captioned petitions will be administratively closed until such time as the Pennsylvania Supreme Court renders its decision of the issues raised here, and within thirty (30) days thereafter, if the petitioner concludes that further review of his federal petitions is required he can move to open either or both of the cases in this Court.

s/ Robert C. Mitchell
United States Magistrate Judge